DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MITCH FROWNFELTER,**
Appellant,

v.

**JAMES BRIAN FROWNFELTER,**
Appellee.

No. 4D21-2174

[June 8, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 50-2019-DR-002012-NB.

John F. Schutz of John F. Schutz, P.L., Palm Beach Gardens, for appellant.

Robert M.W. Shalhoub of the Law Offices of Robert M.W. Shalhoub, P.A., West Palm Beach, for appellee.

CONNER, C.J.

Appellant, Mitch Frownfelter ("Former Wife"), appeals the final judgment dissolving her marriage to appellee, James Brian Frownfelter ("Former Husband"). Former Wife raises six issues on appeal, arguing that the trial court erred in: (1) determining that Former Husband did not improperly transfer homestead protections; (2) rejecting Former Wife's contention that the parties had an oral agreement regarding Former Husband's contributions to savings accounts as intended gifts to Former Wife's children; (3) ordering Former Wife to pay prejudgment interest on certain funds she withheld from Former Husband; (4) determining the value of Former Wife's vehicle for purposes of equitable distribution; (5) awarding Former Husband attorney's fees for Former Wife's failure to comply with a provision of the parties' prenuptial agreement; and (6) finding Former Husband is entitled to attorney's fees under the parties' prenuptial agreement. We affirm, without discussion, the first five issues raised by Former Wife. We dismiss Former Wife's sixth issue – regarding attorney's fees – as unripe for appellate review.

The final judgment determined that Former Husband is entitled to attorney's fees but did not determine the amount of attorney's fees to be awarded. Because the judgment did not determine the *amount* of attorney's fees to be awarded, Former Wife's argument is unripe for appellate review. *See Leiper v. Leiper,* 331 So. 3d 233, 233 (Fla. 4th DCA 2021) (holding that an order that determines entitlement to attorney's fees, but not the amount is "unripe for appellate review"). Therefore, we dismiss without prejudice the appeal of this issue as premature. *See id.*

*Affirmed in part, dismissed in part.*

DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***